[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Cambridge, Massachusetts, on June 2, 1985. The plaintiff has resided continuously in Connecticut for approximately three years. There are two minor children of this marriage. They are Jacqueline, born April 22, 1990, and Richard, born August 21, 1992. The evidence indicates that the marriage has irretrievably broken down, and judgment may enter CT Page 740 dissolving the marriage on that ground.
The plaintiff is 46 years old and disclosed no health problems. She is a graduate of the University of Massachusetts with a degree in business administration. She worked at various jobs during the early years of the marriage until 1989 when she stopped to have a family and has not worked since.
The defendant is 40 years old and enjoys good health. He holds a Ph.D. degree in aeronautics from the Massachusetts Institute of Technology. He is currently employed by Merrill Lynch as a commodities trader.
Neither party dwelled on the causes of the breakdown of their relationship. However, the testimony presented indicates that a difference in values caused significant problems between them. The plaintiff offered no explanation for her spending habits after moving to Greenwich. The court declines to assess greater responsibility to the defendant for the failure of this marriage.
The court has carefully considered the criteria set forth in Connecticut General Statutes, Sections 46b-56, 46b-62, 46b-81,46b-82 and 46b-84 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
I. Custody
The parties have requested and the court orders that they share joint legal custody with the primary residence of the children to be with the plaintiff.
The defendant shall have rights of liberal and reasonable visitation. The court anticipates that the parties will be able to discuss reasonable arrangements relative to all aspects of visitation including, but not limited to, mid-week, weekends, overnights, holidays, vacations and summer vacation schedules.
The defendant has requested and the court orders the following:
a. The defendant shall be involved and consulted in all major decisions affecting the children. These include educational CT Page 741 and medical decisions and employment of a full-time nanny before such decisions are made. The plaintiff has failed to consult with the defendant concerning such matters since their separation, but the court expects her to do so in the future. Failure of the plaintiff to confer with the defendant on major decisions shall be a basis for the defendant to request the court to review and possibly modify the joint custody order entered today.
b. The defendant shall be permitted to take the children each year to Singapore for a minimum of two weeks to visit his family. The defendant shall give the plaintiff at least sixty days notice of the dates selected for his trip.
c. The plaintiff shall notify the defendant of the children's whereabouts while on vacations with the plaintiff, and the defendant shall be permitted to reasonably contact them during vacations.
d. The plaintiff shall authorize third parties to furnish the defendant information and reports concerning the health, education and welfare of the children, and the defendant shall be informed of educational progress and/or difficulties in school.
II. Alimony and Child Support.
The court is basing the following order on the defendant's annual base salary of $115,000 and a discretionary cash bonus of $500,000.
The defendant shall pay to the plaintiff as unallocated periodic alimony and child support the sum of twenty thousand ($20,000) dollars per month. The payments shall commence on January 1, 1998 and continue on the first day of each month thereafter, in advance, until the death of either party, the plaintiff's remarriage or for a period of ten years, whichever event first occurs.
A contingent wage withholding order may enter.
Whenever the defendant's obligation to pay alimony terminates, the court will then impose an appropriate child support order based upon the financial circumstances of the parties and the needs of the children. CT Page 742
III. Insurance and Medical Expenses.
 1. As security for his obligation to pay alimony, the defendant shall maintain life insurance in the total sum of $1,000,000 of life insurance proceeds designating the plaintiff as irrevocable beneficiary for as long a period as he is obligated to pay alimony. Upon request, the defendant shall furnish the plaintiff with proof of such coverage.
2. As long as the defendant is obligated to furnish support for his children, he shall maintain life insurance in the total sum of $1,000,000 of life insurance proceeds designating the children as irrevocable beneficiaries. The defendant shall designate the plaintiff and the defendant's brother, Moon Hooi Lee, as co-trustees of the insurance proceeds.
3. The defendant shall continue to provide and maintain his currently existing medical insurance or its equivalent for the minor children. The defendant shall be solely responsible for the cost of all reasonable uninsured medical, dental, orthodontic, psychological, psychiatric, therapeutic, counseling and other health related expenses of the minor children, provided that the defendant is given prior notice of all such non-emergency medical expenses before they are incurred.
Section 46b-84 (d) of the Connecticut General Statutes shall apply.
4. The plaintiff shall be permitted to continue medical insurance under the provisions of COBRA at her sole cost and expense.
IV. Property Division.
It is the court's intention to divide the following assets at the stated values on an equal basis between the parties. Orders are hereinafter entered to accomplish that result.
1. Clapboard Ridge Equity $ 305,000
2. Milton Road, Rye, New York $ 120,000
3. CMA Master Account $ 227,597
4. CMA Mortgage Escrow Account $ 226,000 CT Page 743
5. CMA Sub Account #6 (Retirement) $ 70,620
6. Merrill Lynch Retirement Account $ 41,000
7. Merrill Lynch 401 K $ 58,000 _________________ Total Value $ 1,048,217
1. The Clapboard Ridge, Greenwich property is awarded to the defendant, subject to the existing mortgage which shall be his sole obligation.
2. The Milton Road, Rye, New York property is awarded to the defendant, subject to the existing mortgage, for which the defendant shall be solely responsible, and the defendant shall indemnify and hold harmless the plaintiff from any liability thereon.
The plaintiff shall promptly transfer to the defendant her interest in the property by quit-claim deed. At the time of transfer, the defendant shall execute and deliver to the plaintiff a promissory note in the amount of $60,000 for the plaintiff's interest in the property. The note shall be interest free and provide for payment when the Rye property is sold or September 1, 1998 whichever event first occurs.
3. The CMA Master Account. The plaintiff shall receive the sum of $153,000, and the defendant shall receive the sum of $74,597 with any additional interest that may have accrued since the date of trial.
4. The CMA Mortgage Escrow Account. The plaintiff is awarded the entire $226,000 together with any accrued interest thereon.
5. The CMA Sub Account #6 (Retirement Account). This account has a balance of $70,620.
6. Merrill Lynch Retirement Account. This account's balance is $41,000.
7. Merrill Lynch 401K. The account balance is $58,000.
The three accounts listed in numbers 5, 6 and 7 are owned by the defendant. The defendant shall transfer to the plaintiff a fifty (50%) percent interest in the present value of each of the CT Page 744 three accounts. The transfer shall be by way of Qualified Domestic Relations Orders ("QDRO"). The court reserves jurisdiction to modify this portion of the judgment to ensure compliance with federal and/or state law relating to retirement benefits.
The following further orders may enter.
8. The plaintiff is awarded:
a. Her Waterhouse Securities Investment Account #364-26360-1-7;
b. Her Waterhouse Securities IRA #364-96714-1-3;
c. Her Putnam Trust Checking and Savings Accounts.
9. The defendant is awarded:
a. His CMA Sub Account #2 (Waterhouse Account);
b. His Putnam Trust Checking Account;
c. His 1991 Mercedes Benz automobile;
d. All the Merrill Lynch restricted shares, restricted units, vested and non-qualified stock options he presently owns.
10. The parties' former marital residence contains numerous items of personal property. The parties shall equitably divide the personal property accumulated during the marriage. If they are unable to agree, they shall report to the Family Relations Office for mediation. The court retains jurisdiction to enter orders in the event the parties fail in their attempt to resolve the matter.
11. The parties shall be responsible for their individual debts and shall indemnify and hold each other harmless relative to any such individual debts.
12. The plaintiff shall reimburse the defendant the sum of $8,500, in accordance with the pendent lite order holding the plaintiff responsible for the payment of certain credit card charges.
13. The defendant shall pay to the plaintiff the sum of $30,000 CT Page 745 as a contribution towards the plaintiff's attorney's fees, as the court finds that a total denial of the plaintiff's claim for counsel fees would unduly impair and undermine the other financial awards entered.
14. The court affirms the judgment previously entered during trial changing the plaintiff's name to MacLeod.
15. The parties have agreed to file joint income tax returns for calendar year 1997. The defendant will pay all taxes, interest and penalties that may be due and hold the plaintiff harmless from any liability thereon and shall solely be entitled to any refunds due. Judgment shall enter in accordance with this stipulation.
In the event the defendant changes his decision to file a joint return, he may do so. However, in that event, the defendant shall reimburse the plaintiff for all 1997 income taxes, Federal and State, she may owe for that year.
Judgment may enter accordingly.
NOVACK, J.